# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SHARON LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | 4:06CV3084 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| CITY OF KIMBALL, GREG ROBINSON, individually and in his official capacity as Mayor of the City of Kimball, EVERSTON OIL COMPANY, INC., CASTONICS, INC., BRUCE EVERTSON, FORWARD KIMBALL INDUSTRIES, INC., DAVE WOLF, PERFORMAX BUILDING MATERIALS, INC., PERRY VAN NEWKIRK and MARY LOU DIAZ, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the defendants Bruce Evertson and Evertson Oil Company, Inc.'s[1] request for trial in North Platte, Nebraska (Filing No. 38). These defendants filed an affidavit (Filing No. 38) in support of the request. The plaintiff did not oppose the request for trial in North Platte. The defendants City of Kimball and Greg Robinson, in his individual and official capacities, do not object to, or take any position on the motion. **See** Filing No. 44. None of the remaining defendants filed a response to the motion.

## BACKGROUND

According to the allegations in the complaint, the plaintiff, who was a police officer for the City of Kimball, was placed on paid administrative leave after being accused of racial discrimination. **See** Filing No. 1. The plaintiff was later terminated. The plaintiff alleges the allegations of racial discrimination were untrue. Further, the plaintiff alleges that the manner of her termination was without due process. The plaintiff also alleges retaliation in violation of 8 U.S.C. § 1373; conspiracy to interfere with civil rights; defamation; and

---

[1]This defendant's name is spelled Everston Oil Company, Inc. in the complaint. But the court will refer to it as Evertson Oil, as spelled by the defendant.

interference with contract. Each of the defendants have filed a motion to dismiss. **See** Filing Nos. 41, 45, 48, 50, 54, 55 and 70.

As part of the complaint, the plaintiff requested trial by jury in Lincoln, Nebraska. **See** Filing No. 1. On May 22, 2006, Bruce Evertson and Evertson Oil Company, Inc. filed a motion to change the place of trial to North Platte, Nebraska. **See** Filing No. 38. The motion was filed in the form of an affidavit signed by counsel. *Id.* Bruce Evertson and Evertson Oil Company, Inc. filed a motion to dismiss on June 5, 2006, rather than an answer. **See** Filing No. 48. The plaintiff did not file an affidavit in support of her designation for place of trial or respond to the defendants' motion.

## ANALYSIS

The relevant local rule, NECivR 40.1(b) provides:

> The plaintiff at the time of filing a complaint in a civil action . . . shall make written request for trial of the case at Omaha, Lincoln, or North Platte. Each defendant or third-party defendant at the time of filing that defendant's first pleading in a civil action, . . . may file a written request for trial at Omaha, Lincoln, or North Platte. If the request is for a place different from that requested by the plaintiff, third-party plaintiff, or removing party, it must be accompanied by a supporting affidavit.

Further, in deciding the place of trial "the judge shall give consideration to the convenience of litigants, witnesses and counsel." NECivR 40.1(b)(2). Such consideration involves weighing the interests similar to that performed by a court in consideration of a motion for change of venue pursuant to 28 U.S.C. § 1404(a), which provides for transfers from one district to another or from one division within a district to another. **See** 28 U.S.C. § 1404(a). Section 1404(a) provides that the convenience of the parties and of witnesses, as well as the interest of justice, must be considered in transferring a case to another district. *Id.* Under section 1404(a), the convenience of litigants and witnesses are generally considered to be the most critical factors, while the convenience of counsel, though a factor to be considered, is seldom of controlling weight. **Standard Office Sys. v. Ricoh Corp.**, 742 F. Supp. 534, 537 (W.D. Ark. 1990). The court's local rules contain no provision similar to the provision contained in section 1404(a) regarding consideration of the "interest of justice."

**Compare** 28 U.S.C. § 1404(a) (requiring courts to consider convenience of witnesses and parties along with the "interest of justice"), **with** NECivR 40.1(b)(2) (instructing judges to consider the convenience of the parties, witnesses, and counsel).

The party seeking to change the place of trial within this district bears the burden of establishing that the transfer should be granted. **See** NECivR 40.1(b); **compare *Terra Int'l, Inc. v. Mississippi Chem. Corp.***, 119 F.3d 688, 695 (8th Cir. 1997) (movant bears burden under section 1404(a)). The plaintiff's choice of forum is given great weight and should not be disturbed unless the movant makes a clear showing that the balance of interests weighs in favor of the movant. ***BASF Corp. v. Symington***, 50 F.3d 555, 557 (8th Cir. 1994); ***Gen. Comm. of Adjustment v. Burlington N.R.R.***, 895 F. Supp. 249, 252 (E.D. Mo. 1995). A transfer should not be granted if the effect is to merely shift the inconvenience from one party to the other. ***Nelson***, 747 F. Supp. at 535 (**citing *Van Dusen v. Barrack***, 376 U.S. 612, 646 (1964)); ***General Comm.***, 895 F. Supp. at 252; **see also *Ferens v. John Deere Co.***, 494 U.S. 516, 522-23 (1990).

The plaintiff and all defendants are located or have their principal place of business in the City of Kimball, Nebraska. **See** Filing No. 38, ¶ 2. All witnesses, with the possible exception of one, are located near Kimball. ***Id.*** ¶ 5. Kimball, Nebraska is approximately 160 miles from North Platte and 385 miles from Lincoln. **See *id.*** ¶ 3. Counsel for Bruce Evertson and Evertson Oil Company, Inc. resides in Kearney, Nebraska, which is slightly closer to North Platte than to Lincoln. ***Id.*** ¶ 4. The court file reflects that counsel for the remaining parties are located in Scottsbluff, Lincoln and Omaha, Nebraska, and in Denver, Colorado.

The convenience of the parties and witnesses, on the basis of the affidavit before the court, appears to favor North Platte. The relative convenience of trial in North Platte outweighs the convenience to the plaintiff and her counsel of having trial in Lincoln. After reviewing the materials submitted by the parties at this time, the court finds that, upon consideration of all factors pursuant to NECivR 40.1(b)(2), the place of trial should be North Platte, Nebraska. Accordingly,

3

**IT IS ORDERED:**

1. Bruce Evertson and Evertson Oil Company, Inc.'s request for place of trial in North Platte, Nebraska (Filing No. 38) is granted.

2. The Clerk of Court shall amend the docket in this matter to reflect the place of trial is North Platte, Nebraska.

DATED this 28th day of July, 2006.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge